UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS BLACK,

           Plaintiff,

-against-

THE CITY OF NEW YORK,
Police Officer CARLOS GUITIAN Shield No. 26807, Sergeant CHRISTOPHER MULLER Shield No. 4155, Police Officer JOHN DOE ONE through FIVE in their individual and official capacities as employees of the City of New York,

           Defendants.
------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

FILED
CLERK

2015 SEP 21 AM 11:23

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**CV 15        5419**

GLASSER, J.

GOLD, M.J.

The Plaintiff, THOMAS BLACK, by his attorney, Amy Rameau, Esq., alleges the following, upon information and belief for this Complaint:

### INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. Plaintiff filed a Notice of Claim on or about November 10, 2014.

5. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

8. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

9. Plaintiff THOMAS BLACK ("plaintiff" or "Mr. Black") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

2

11. Defendant Police Officer CARLOS GUITIAN, Shield No. 26807 ("Guitian"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Guitian is sued in his individual and official capacities.

12. Defendant Sergeant CHRISTOPHER MULLER, Shield No. 4155 ("Muller") at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Muller is sued in his individual and official capacities.

13. At all times relevant defendants John Doe 1 through 5 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe 1 through 5.

14. At all times relevant herein, defendants John 1 through 5 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe 1 through 5 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

16. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

17. The City was at all material times the public employer of defendant officers named herein.

18. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## **FACTUAL ALLEGATIONS**

19. Plaintiff is an African-American male.

20. On or about August 14, 2014, at approximately 3pm, plaintiff was lawfully riding his bicycle on Saratoga Street in the vicinity of Pacific Street in Brooklyn, New York.

21. An unmarked car started following plaintiff.

22. Fearing for his safety, Plaintiff went into a New York City Housing Authority property so that there would be people around.

23. Mr. Black got off his bike and then put his hands up.

24. Plaintiff was then tasered by defendant MULLER and lost consciousness.

25. As a result of being tasered, plaintiff fell backwards and hit his head causing an open wound which required staples to close.

26. Plaintiff also had a taser probe in his body which had to be removed at the hospital.

27. Plaintiff was handcuffed and taken to Brookdale Hospital where physicians documented plaintiff's injures.

28. Thereafter, plaintiff was taken to the 73rd Precinct.

29. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing various crimes.

30. At no point did the officers observe plaintiff committing any crimes or offenses.

31. Ultimately plaintiff was taken from the police precinct to Brooklyn Central Booking.

32. All charges against plaintiffs were false.

4

33. On or about September 15, 2015, all charges against plaintiff were dismissed and sealed.

34. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

35. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

36. The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

37. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

38. All of the above was done in violation of state and federal law.

39. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

40. The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

41. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

   i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   ii. Loss of his physical liberty;

   iii. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

42. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

   i. Freedom from the unreasonable seizure of his person;

   ii. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FIRST CLAIM
## 42 U.S.C. § 1983

1. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

6

2. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

4. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

5. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

6. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

7. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

8. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

9. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law False Imprisonment and False Arrest

10. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

11. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

12. Plaintiff was conscious of his confinement.

13. Plaintiff did not consent to his confinement.

14. Plaintiff's confinement was not otherwise privileged.

15. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

16. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Malicious Prosecution

17. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

18. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

19. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

20. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### State Law Malicious Prosecution

21. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

22. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

23. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

24. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

25. All charges were terminated in plaintiff's favor.

26. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

27. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Unreasonable Force

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law Assault and Battery

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

33. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

34. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### NINTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against Plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TENTH CLAIM
### Malicious Abuse Of Process

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants issued legal process to place Plaintiff under arrest.

42. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

43. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

47. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

48. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

49. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TWELVE CLAIM
### Intentional Infliction of Emotional Distress

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

53. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

54. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### Negligent Infliction of Emotional Distress

56. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

57. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

58. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

59. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff.

14

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FOURTEENTH CLAIM
### Failure To Intervene

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTEENTH CLAIM
### *Monell*

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

67. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

68. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

69. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

70. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

71. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: September 21, 2015

Brooklyn, New York

_____
Amy Rameau, Esq.
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

17